IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN DANIEL LADD, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3265 |
| | ) | |
| vs. | ) | ORDER |
| | ) | ON INITIAL REVIEW |
| LORETTA DIETZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review[1] of the complaint filed by the plaintiff, John Daniel Ladd, who filed this case while a prisoner but who has since been released from custody. However, because the plaintiff filed his complaint while in prison, the Prison Litigation Reform Act ("PLRA") applies to this case.

While the plaintiff was in the custody of the Lancaster County Department of Corrections, medical staff administered a medication to the plaintiff's eye which consisted of a solution for ear-cleaning. The plaintiff suffered burning and pain to his eye. According to the plaintiff, his pleas for assistance went unmet and he suffered considerably as a result.

The plaintiff has two Applications for Leave to Proceed In Forma Pauperis ("IFP") pending (filing nos. 2 and 6). Filing no. 2 applied to the plaintiff as a prisoner and is therefore denied as moot. Filing no. 6 reflects that the plaintiff, although employed since his release from custody, supports others and has few resources to meet the financial demands of litigation. Therefore, filing no. 6, the plaintiff's Application for Leave to Proceed IFP as a nonprisoner, is granted.

Ordinarily, when a prisoner files a complaint, initial review of the complaint, service of process on the defendants, and progression of the case do not occur until after the court receives the initial partial filing fee which is assessed under the PLRA. However, once the prisoner is released from custody, he or she has several options, set forth below.

1.  The plaintiff may allow the above-entitled case to continue as a nonprisoner.

---

[1]The Prison Litigation Reform Act ("PLRA") requires the court to screen civil rights complaints brought by prisoners, establishes criteria governing dismissal of prisoner complaints, restricts remedies, and dictates procedures in prisoner litigation. See, e.g., 28 U.S.C. § 1915A (screening of prisoner complaints).

If he does so, however, this case will remain subject to the PLRA. Because the PLRA applies to any case filed by a prisoner, the plaintiff cannot recover damages for emotional distress unless he also sustained a physical injury. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Pain is not enough. Also, 42 U.S.C. § 1997e(a) of the PLRA requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff at the jail, and the plaintiff did not use them before filing this lawsuit, the plaintiff's claims could be subject to dismissal.

     2.     On the other hand, the plaintiff has the option of voluntarily dismissing the above-entitled case filed as a prisoner and simply refiling a same or a similar complaint initiating a new case as a nonprisoner. A nonprisoner who complains about prison conditions during a previous incarceration is not subject to the PLRA in any way. Also, if an IFP motion is granted to a nonprisoner plaintiff, the filing fee is entirely waived. The PLRA requirement regarding exhaustion of administrative remedies disappears, as does the limitation on damages for emotional distress, even though the subject matter of the nonprisoner's claim is the same as a claim brought by a prisoner. If, now that he is no longer in custody, the plaintiff decides not to pursue this action and if he prefers to allow the case to be dismissed without prejudice, he may write to the court to indicate an interest in voluntary dismissal of this case without prejudice.

     If the plaintiff does decide to dismiss the above entitled prisoner case and refile as a nonprisoner, another matter for the plaintiff to contemplate is whether the subject matter of his claim belongs in a state court or a federal court. State courts can adjudicate both constitutional claims and state tort claims (such as negligence). However, federal courts, absent some other basis of jurisdiction, must find a federal question, such as a valid federal constitutional claim, as the basis of federal court jurisdiction. Negligence is not a violation of the U.S. Constitution. A prisoner's rights under the Eighth Amendment to the U.S. Constitution are violated if prison officials show "deliberate indifference" to the prisoner's "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-07 (1976). However, mistakes, and even medical malpractice do not meet the exacting standard of the Eighth Amendment for cruel and unusual punishment. "[D]eliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." Olson v. Bloomberg, 339 F.3d 730, 736 (8th Cir. 2003). See also Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003): "Deliberate indifference is 'a state of mind that is the equivalent of criminal recklessness.'" (Citation omitted.) See also Farmer v. Brennan, 511 U.S. 825, 837-38 (1994):

> The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis .... But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

If the plaintiff wishes to bring a tort claim for negligence against the defendants, he should be mindful of the administrative claim requirement of the Political Subdivisions Tort Claims Act. Neb. Rev. Stat. § 13-906 states: "No suit shall be permitted under the Political Subdivisions Tort Claims Act ... unless the governing body of the political subdivision has made final disposition of the [administrative] claim, except that if the governing body does not make final disposition of a claim within six months after it is filed, the claimant may, by notice in writing, withdraw the claim from consideration of the governing body and begin suit under such act and sections." Neb. Rev. Stat. § 13-919(1) creates a one-year limitations period in which a claim must be submitted to the appropriate official of the political subdivision: "Every claim against a political subdivision permitted under the Political Subdivisions Tort Claims Act shall be forever barred unless within one year after such claim accrued the claim is made in writing to the governing body."

This case is assigned to the docket of Chief Judge Joseph F. Bataillon. However, a Magistrate Judge may conduct initial review. I find that this case need not be dismissed on initial review. However, as set forth below, the plaintiff shall have until **February 27, 2007** to elect between the two choices explained above.

IT IS THEREFORE ORDERED:

1. To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk shall send summons forms and USM-285 forms ("form 285s") to the plaintiff (TWO for each defendant) together with a copy of this Order.

2. The plaintiff shall, as soon as possible, send the completed summons and 285 forms back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur. The plaintiff must provide addresses. The U.S. Marshal and the court will not fill out the forms with the defendants' addresses.

3 Each person named as a defendant has two capacities: official capacity and individual capacity. Each official-capacity defendant may be served by use of a summons

directed to the place for service of process on Lancaster County as specified in Neb. Rev. Stat. § 25-510.02,[2] i.e.: **County Clerk of Lancaster County, 555 South 10th Street, Room 108, Lincoln, Nebraska 68508**.

4. Service of process on a defendant in her *individual* capacity is accomplished by directing the summons to an address, such as home or present place of employment, wherever the defendant can personally be found and will accept service of process herself or through a person authorized to receive a summons on her behalf.

5. By no later than **February 27, 2007**, the plaintiff shall elect between the two choices explained above. The plaintiff shall either (1) continue with this case under the restrictions of the PLRA, in which event, the plaintiff shall return the completed summons and 285 forms by no later than **February 27, 2007**; or (2) the plaintiff shall notify the court in writing by **February 27, 2007** to dismiss the above-entitled prisoner case, without prejudice to the plaintiff's right to file a new case as a nonprisoner in state or federal court.

6. If the plaintiff returns the summons and 285 forms, then the Clerk of Court will sign each summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. The court will copy the complaint for the Marshal, and the plaintiff does not need to do so. The Marshal shall serve each summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

7. The plaintiff is hereby notified that failure to obtain service on a defendant within 120 days of the filing of the complaint may result in dismissal of that defendant without further notice. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

8. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

9. The plaintiff shall include with each document submitted to the court a "**Certificate of Service**" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant. **If the plaintiff does not include a Certificate of Service indicating that a copy of a communication to the court has been sent to the other parties to the case, the court will issue a**

---

[2] Neb. Rev. Stat. § 25-510.02(2) states: "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk."

**Notice of Deficiency and might strike the plaintiff's communication from the record.**

10.     A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

11.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

12.     The plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

13.     Filing no. 2 is denied as moot, and filing no. 6 is granted.

14.     IMPORTANT NOTE:   **Any communication filed by the plaintiff with the court must bear the plaintiff's original signature.**

DATED this 17th day of January, 2007.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge